UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESSE RAYMOND VOSS, | ) |
| Petitioner, | ) 2:12-cv-00854-KJD-GWF |
| vs. | ) **ORDER** |
| D. W. NEVEN, *et al.*, | ) |
| Respondents. | ) |

This is an action on a petition for writ of habeas corpus brought by Jesse Raymond Voss, a prisoner at High Desert State Prison. Before the Court is respondents' Motion to Dismiss (ECF No. 6), petitioner's Opposition to the motion (ECF No. 15) and respondents' Reply (ECF No. 16). The matter is ready for decision.

**I.    Procedural Background**

Voss was convicted on charges of possession of stolen property and possession of a forged instrument in early February, 2005, following a jury trial. Ex. 35.[1] He was thereafter adjudicated a habitual criminal and sentenced to a term of life with the possibility of parole after ten years. Ex. 43. The judgment of conviction was entered on March 9, 2005. Ex. 44.

Petitioner filed a direct appeal raising seven grounds for relief. Ex. 61. The conviction was affirmed, but the matter was remanded for resentencing. Ex. 67. Following a petition for rehearing,

---

[1] The exhibits referenced in this Order were submitted by respondents in support of their motion to dismiss and are found in the Court's record at ECF Nos. 7, 8 and 9.

1  the Nevada Supreme Court amended its original order to clarify the directions for resentencing.  Ex.
2  72.  Following resentencing and entry of a "corrected" judgment of conviction (ECF No. 82),
3  petitioner again appealed, raising a single claim for relief.  Ex. 101.  The corrected judgment was
4  affirmed by the Nevada Supreme Court on June 4, 2009.  Ex. 112.

5  Petitioner next filed a pro se petition for post-conviction relief.  Ex. 118 and 120.  The
6  petition was then supplemented by appointed counsel.  Ex. 126.  An evidentiary hearing was
7  conducted on September 9, 2010 (ex. 139), and the trial court then denied relief through a written
8  order entered on October 7, 2010.  Ex. 142.  Petitioner appealed raising six grounds for relief.  Ex.
9  167.  The Nevada Supreme Court affirmed the state lower court on November 18, 2011.  Ex. 174.
10 Remittitur issued on December 16, 2011.  Ex. 175.

11 The instant action was initiated when petitioner delivered his petition for writ of habeas
12 corpus to prison staff on May 5, 2012.  ECF. No. 1.  The motion to dismiss filed by respondents is
13 now before the Court.

**II.    Discussion**

15 Respondents move to dismiss the petition alleging that several of the claims are unexhausted,
16 several are duplicative of other claims and that certain of the claims are not cognizable in federal
17 habeas proceedings.

A.    Legal Standard - Exhaustion

19 A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has
20 exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28
21 U.S.C. § 2254(b).[2]  State remedies have not been exhausted unless the claim has been fairly

---

[2] 28 U.S.C. § 2254(b) states, in pertinent part:
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of

presented to the state courts. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). To fairly present a federal claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000), *citing Duncan*, 513 U.S. at 365-66. The petitioner must make the federal nature of the claim "explicit either by citing federal law or the decisions of the federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001). Additionally, a pro se petitioner may exhaust his claim by citing to State case law which applies the federal standard. *Peterson v. Lampert,* 319 F.3d 1153, 1158 (2003) ("citation to a state case analyzing a federal constitutional issues serves the same purpose as a citation to a federal case analyzing such an issue").

The mere similarity of claims of state and federal error is insufficient to establish exhaustion. *Hiivala*, 195 F.3d at 1106, *citing Duncan*, 513 U.S. at 366; *see also Lyons*, 232 F.3d at 668-69; *Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106, *citing Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Shumway*, 223 F.3d at 987.

The fact that the state court does not explicitly rule on the merits of petitioner's claims is irrelevant, because exhaustion requires only that the state court be given the opportunity to consider the claims that have been presented. *Smith v. Digmon*, 434 U.S. 332, 333-334, 98 S.Ct. 257, 258 (1978); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985); *accord Carter v. Estelle*, 677 F.2d

---

the applicant.

\* \* \*

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

3

427 (5th Cir. 1982) and *United States ex rel. Giesler v. Walters*, 510 F.2d 887, 892 (3d Cir. 1975).

      B.      <u>Argument and Analysis</u>

Respondents argue that grounds one through seven of the petition are unexhausted because petitioner raises "nearly identical factual allegations" before both courts, but alleges violations of the Fifth, Sixth, Eighth and Fourteenth Amendments in his federal petition, while the state court petition was much less definite as to which federal rights it claimed were violated. The respondents argue that the case law and discussion within the state post-conviction petition failed to exhaust claims under all of the amendments identified to this Court. Respondents also suggest that the Court should accept petitioner's representation made in ground seventeen, that he received ineffective assistance of appellate counsel because counsel failed to federalize his first six direct appeal claims. Petitioner argues that these grounds were all presented to the Nevada Supreme Court for review on direct appeal and that they are fully exhausted.

In *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509 (1971), the United States Supreme Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief. Where several different amendments are identified, such as in the instant petition, the petitioner must have presented all such claims to the state court or those not presented remain unexhausted. *Gray v. Netherland,* 518 U.S. 152, 162, 63, 116 S.Ct. 2074, 2081 (1996).

To determine the strength of respondents' argument, the Court has reviewed the case law cited in the state post-conviction petition to establish which claims those cases suggest. These findings provide the basis for the Court's determination on this argument.

           i.      *Direct Appeal Claims*

      *Ground One*

In relation to ground one, which claims that petitioner was denied his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments where the trail court committed error in failing to give an

1  "accomplice testimony" jury instruction, respondents argue that petitioner has only exhausted the
2  Fourteenth Amendment due process claim through his state court arguments citing to *Brecht v.*
3  *Abrahamson,* 507 U.S. 619, 113 S.Ct. 1710 (1993) and *Estelle v. McGuire,* 502 U.S. 62 (1991).
4  Nowhere in the claim presented to the Nevada Supreme Court did petitioner offer any indication that
5  he was raising federal claims under either the Sixth or Eighth Amendments. His citation to *Brecht*
6  and to *Estelle,* lead to a conclusion that petitioner believed he was denied due process in his trial.
7  Both the Fifth and Fourteenth Amendments guarantee persons due process before the state can
8  interfere with or restrain the person's freedom in "life, liberty or property." The Fifth Amendment
9  most specifically applies to criminal proceedings, while the Fourteenth Amendment's due process
10 guarantees are more generalized, addressing the rights of the States in relation to their citizens. *See*
11 U.S. Const. amends. V and XIV.

12  The Court finds that petitioner has exhausted this ground only as to his Fifth and Fourteenth
13 Amendment rights.

14  *Ground Two*[3]

15  Ground two claims the trial court committed reversible error in permitting the prosecutor to
16 cross-examine the petitioner regarding the details of his prior felony convictions. Respondents argue
17 that petitioner's citation to *Brecht* and *Estelle* in support of the ground exhausts only the Fourteenth
18 Amendment claim. The Court disagrees. First, petitioner specifically argues in this ground that he
19 was denied the right to a fair trial. Moreover, as with ground one, petitioner exhausted both his Fifth
20 and Fourteenth Amendment due process claims through the citations to *Brecht* and *Estelle*. The
21 issue relates to the state's ability to obtain the defendant's testimony on matters that are arguably
22 self-incriminatory in the eyes of the jury and most certainly prejudicial through purportedly improper
23 cross-examination during the trial.

---

[3] Respondents also argue that this ground should be dismissed as not being cognizable in federal habeas. This argument shall be discussed separately.

1    Ground two is unexhausted as to the Sixth and Eighth Amendment claims only.

2    *Ground Three*

3    In this ground, petitioner claims the trial court committed reversible error in permitting the state to obtain a conviction against the petitioner on a theory nowhere pled in the indictment or invited by the petitioner's testimony.  In state court, petitioner cited to *Russell v. United States,* 369 U.S. 749 (1962); *Stirone v. United States,* 361 U.S. 212 (1960); and *United States v. Simmons,* 96 U.S. 360 (1877), for their propositions that a conviction cannot be obtained in the absence of advance notice to the defendant through an accurate and specific statement of the offense set out in a proper indictment.  He also cited to *Wright v. State,* 101 Nev. 269, 701 P.2d 743 (9185), for its proposition that the Fifth and Fourteenth Amendments require notice of particulars in the indictment or the defendant suffers a violation of his "fundamental rights." *Id.* at 272.   Petitioner's ground three is exhausted under both the Fifth and Fourteenth Amendments.

13    *Ground Four*

14    This ground claims the trial court erred in refusing to give an "accomplice corroboration" jury instruction.  The state petition cites again to *Brecht* and *Estelle* for Fifth and Fourteenth Amendment due process guarantees.  The ground is unexhausted as to the Sixth and Eighth Amendment claims.

18    *Ground Five*

19    Here, petitioner claims that there was insufficient evidence to sustain his conviction on counts III, IV and V of the indictment.  Citing to *Jackson v. Virginia,* 443 U.S. 307 (1979) for its rule on judging the sufficiency of the evidence, petitioner alleged before the state court that he was denied his due process rights.  Respondents correctly judge this claim to be exhausted only as to the Fourteenth Amendment.

24    / / /
25    / / /
26

*Ground Six*

Ground six claims reversible error by the court in sentencing petitioner under the habitual criminal statute where petitioner "in fact had not previously been 'three times convicted,' as the term is properly construed within the meaning of the statute." Petition at 24.

Respondents argue this ground was only presented to the state courts as a violation of the Fifth and Fourteenth Amendments' due process guarantees. The Court agrees. While arguing for the most part an error in state law interpretation, petitioner did allege his constitutionally protected liberty interests required that state to adhere to the procedures outlined in the statute. Ground six is not exhausted as to the Sixth and Eighth Amendment claims.

*Ground Seven*

This ground alleges petitioner's Sixth Amendment rights were violated when no jury was required to find him a habitual criminal before he was sentenced as such. Respondents acknowledge exhaustion of this ground on the Fifth, Sixth, and Fourteenth Amendment bases, but contends no Eighth Amendment violation is alleged. The Court once again agrees. Petitioner did not allege any facts or cite to any federal legal basis supporting an Eighth Amendment claim. Ground Seven is unexhausted as to the Eighth Amendment only.

      ii.    *Post-Conviction Claims*

Next, respondents argue that grounds eight through ten, twelve, fourteen, fifteen, seventeen, eighteen, and twenty are unexhausted because petitioner failed to brings these claims forward to the Nevada Supreme Court on appeal after having presented them in the memorandum of points and authorities in support of the post-conviction petition before the trial court. *Cf.* exs. 120 and 167. They also assert that petitioner failed to raise ground twenty-three to the Nevada Supreme Court after it was brought in the supplemental petition. *Cf* exs. 126 and 167.

Petitioner readily concedes that these grounds are unexhausted and "waives" them. *See* opposition to motion to dismiss at 2. These grounds shall be dismissed from the petition.

B.      Duplicative Claims

Respondents argue and petitioner readily concedes that grounds eleven, thirteen, sixteen, nineteen, twenty-one and twenty-two are duplicative and should be dismissed. *Id.* These grounds shall be dismissed from the petition.

C.      Cumulative Error Claims

Respondents argue that grounds twenty-one and twenty-nine are unexhausted to the extent that petitioner claims that all of the alleged errors at trial and all of defense and appellate counsel errors should be considered in his cumulative error claims. Respondents also argue that the only cumulative error claim presented to the state court was raised in the post-conviction appeal. A review of the state appeal briefs confirms respondents' argument. The cumulative error claim raised in state court addresses only the errors alleged in the post-conviction petition.[4] Fair presentation requires that the petitioner must present "both the operative facts and the federal legal theory on which his claim is based" to the state court. *Kelly v. Small,* 315 F.3d 1063, 1066 (9th Cir.2003); *see also Demarest v. Price,* 130 F.3d 922, 932 (10th Cir. 1997). Therefore, these grounds twenty-one and twenty-nine are unexhausted because they add facts which change the substance of the claim that was presented to the state court.

Petitioner has already conceded to the dismissal of ground twenty-one. He does not offer any argument to counter respondents assertions on the exhaustion of his cumulative error claims as presented in ground twenty-nine, and therefore, the Court concludes he concedes the point. *See* LR 7-2(d); *see also* 28 U.S.C. § 2254(d); . *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997), as amended (1998) (habeas petitioner carries burden of proving exhaustion of all available state remedies) (citation omitted)*, cert. denied,* 532 U.S. 919, 121 S.Ct. 1353, 149 L.Ed.2d 284 (2001); *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir.) (burden of proving that claim has been exhausted

---

[4] There is a brief reference to cumulative error in ground one of the direct appeal brief, but that reference is insufficient to exhaust a claim in that proceeding. *See* Ex. 61 at 13.

8

lies with petitioner) (citation omitted), *cert. denied,* 522 U.S. 833, 118 S.Ct. 102, 139 L.Ed.2d 57 (1997); *Olson v. McKune,* 9 F.3d 95, 95 (10th Cir.1993) (state prisoner bringing federal habeas corpus action bears burden of showing that he has exhausted available state remedies) (citation and quotation marks omitted); *Parra v. San Jose City,* 2003 WL 22384775 at *1 (N.D.Cal.2003) (petitioner has burden of pleading exhaustion in habeas petition) (citation omitted).

Ground twenty-nine is unexhausted.

C.     Non-cognizable Claims

Finally, respondents argue that grounds two, and twenty-four through twenty-nine of the petition are not cognizable in federal habeas review. As to ground two, respondents argue that the court's decision to allow cross-examination of the petitioner about his prior criminal convictions is actually a question of the state court interpreting state law.

Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A state law issue cannot be mutated into one of federal constitutional law merely by invoking the specter of a due process violation. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), *cert. denied*, 522 U.S. 881 (1997). As discussed *supra.*, the Court has concluded that ground two raises federal claims of denied due process under both the Fifth and Fourteenth Amendments. Respondents argument to the contrary is unpersuasive, particularly where the argument is undercut by a previous acknowledgment that the claim exhausted a due process claim. Ground two is cognizable and exhausted as to the Fifth and Fourteenth Amendment claims.

Respondents also argue that grounds twenty-four through twenty-nine are not cognizable in these proceedings because petitioner alleges violations of both state and federal constitutional rights.[5]

---

[5] The Court finds respondents' argument on this point to be disingenuous. If the only argument forwarded by petitioner were a violation of the state constitution, the Court's view would be different. However, this argument and the motion to dismiss, generally, strains in its efforts to avoid review of the claims on their merits. The procedural arguments are not well articulated, not well-supported in law and even, as with this

9

1  This argument is made without any true legal basis where relief is available on federal constitutional
2  grounds, if the facts and law support it.  The Court can and will simply ignore the allegation of a
3  state constitutional violation, particularly where grounds twenty-four through twenty-eight are well-
4  founded federal claims of ineffective assistance of counsel and ground twenty-nine raises a well
5  settled claim of cumulative error.  Grounds twenty-four through twenty-nine will not be dismissed as
6  not cognizable.[6]

**III.    Conclusion**

The Court finds and petitioner concedes that grounds eight through twenty-three are subject to dismissal as either being completely unexhausted or duplicative of other claims raised in the petition.  These grounds shall be dismissed from this petition.

The Court finds that grounds two and twenty-four through twenty-nine are cognizable as federal constitutional claims.  Grounds twenty-four through twenty-eight shall be permitted to proceed on their merits.  Ground twenty-nine has been found to be unexhausted.

The Court also finds that grounds one through four and ground six are unexhausted as to their claims under the Sixth and Eighth Amendments, that ground five is unexhausted as to the Fifth, Sixth, and Eighth Amendment claims, and that ground seven is unexhausted as to the Eighth Amendment claims. Ground twenty-nine is unexhausted on its facts.  Thus, petitioner presents a mixed petition, one containing exhausted and unexhausted grounds for relief.  As such, the entire petition is subject to dismissal, unless petitioner elects to abandon the unexhausted grounds. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982);  *Szeto v. Rusen*, 709 F.2d 1340, 1341 (9th Cir.1983). Alternatively, petitioner may wish to return to state court to exhaust his unexhausted grounds.

---

argument, without any basis in law.  Respondents are advised to consider more carefully in the future the arguments they devise for these purposes.

[6] The Court has already acknowledged that ground twenty-nine is unexhausted, however.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court limited the discretion of this Court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277

In view of Rhines, before the Court determines how to handle petitioner's mixed petition, the Court will grant petitioner an opportunity to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless. Respondent will be granted an opportunity to respond, and petitioner to reply.

Alternatively, petitioner may advise the Court of his desire to abandon the unexhausted grounds by filing a sworn declaration of abandonment, signed by the petitioner.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (ECF No. 6) is **GRANTED IN PART AND DENIED IN PART**. Grounds eight through twenty-three are **dismissed** on petitioner's waiver of those claims as either being completely unexhausted or duplicative of other claims raised in the petition. Grounds twenty-four through twenty-eight are cognizable federal claims and shall proceed.

**IT IS FURTHER ORDERED** that grounds one through four and ground six are unexhausted as to their claims under the Sixth and Eighth Amendments, that ground five is unexhausted as to the Fifth, Sixth, and Eighth Amendment, and that ground seven is unexhausted as

11

to the Eighth Amendment.  Ground twenty-nine is unexhausted on its facts.  Grounds one through seven are all exhausted under the Fourteenth Amendment and grounds one through four and six are exhausted under the Fifth Amendment.  Ground seven is exhausted under the Fifth, Sixth and Fourteenth Amendments.

**IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days from the date of entry of this Order to show good cause for his failure to exhaust his unexhausted claims (grounds one through four and ground six under the Sixth and Eighth Amendments, ground five under the Fifth, Sixth, and Eighth Amendment, ground seven under the Eighth Amendment and ground twenty-nine) in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless.  Respondents shall thereafter have twenty (20) days to respond.  Petitioner shall thereafter have fifteen (15) days to reply.

**IT IS FURTHER ORDERED** that alternatively, petitioner may advise the Court of his desire to abandon the unexhausted claims (grounds one through four and ground six under the Sixth and Eighth Amendments, ground five under the Fifth, Sixth, and Eighth Amendment, ground seven under the Eighth Amendment and ground twenty-nine) by filing a sworn declaration of abandonment, signed by the petitioner, himself.  This declaration shall be filed within the thirty days allowed to show cause for non-exhaustion.  If petitioner abandons the unexhausted aspects of these grounds, he may still proceed on the exhausted aspect of those grounds, as identified in this Order. If petitioner fails to timely respond, the petition shall be dismissed without prejudice as mixed.

Dated this __8__ day of March, 2013.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE