UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESSE RAYMOND VOSS, | |
|     Petitioner, | 2:12-cv-00854-KJD-GWF |
| vs. | **ORDER** |
| D. W. NEVEN, *et al.*, | |
|     Respondents. | |

In this habeas corpus action, petitioner Jesse Raymond Voss, has filed his response to the Court's order on the motion to dismiss (ECF No. 19) and has filed a motion for appointment of counsel or alternatively assistance from an inmate and supporting declaration (ECF Nos. 20 and 21).

Petitioner has agreed to abandon the unexhausted aspects of his various claims as determined by the Court's order. Respondents have not opposed the declaration of abandonment. Therefore, the unexhausted claims shall be dismissed from the action with prejudice and an answer to the exhausted claims shall be directed.

Petitioner also seeks the appointment of counsel or in the alternative an order providing him and his inmate legal assistant time together in the law library in order to confer and work on petitioner's habeas action. *See* ECF Nos. 20 and 21. Respondents oppose the motion for appointment of counsel or in the alternative inmate assistance (ECF No. 22). They point to the well-written petition and other briefing which petitioner has submitted thus far and note that petitioner has

not demonstrated that he has missed any filing deadline or had any other negative result because of the quality or clarity or timeliness of his pleadings.

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The claims in this case are not especially complex. Also, the Court notes from the petition, and from the other documents that petitioner has submitted to the Court, that petitioner is able to present matters to the Court in an organized and understandable manner whether those documents are prepared by petitioner or with the help of other. Petitioner's motion for counsel shall be denied.

Neither shall the Court interfere in the timing or operations of the law library. *See Bruce v. Ylst,* 351 F.3d 1283, 1290 (9th Cir. 2003) (federal courts must remember that the duty to protect inmates' constitutional rights does not confer the power to manage prisons or the capacity to second-guess prison administrators, for which we are ill-equipped.); *see also Touissant v. McCarthy (Touissant IV)*, 801 F.2d 1080, 1086 (9th Cir.1986). "[T]he relief ordered by federal courts must be consistent with the policy of minimum intrusion into the affairs of state prison administration." *Id.* (emphasis added).

**IT IS THEREFORE ORDERED** that grounds one through four and ground six are **dismissed** as to their claims under the Sixth and Eighth Amendments, that ground five is **dismissed** as to the Fifth, Sixth, and Eighth Amendment, and that ground seven is **dismissed** as to the Eighth Amendment. Ground twenty-nine is **dismissed.** The dismissal of these claims is **with prejudice.**

2

1    **IT IS FURTHER ORDERED** that respondents shall have **thirty (30)** days from entry of this order within which to answer the surviving grounds in the petition.  Petitioner shall have **thirty (30) days** from the date of service of the answer to file a reply.

**IT IS FURTHER ORDERED** that the motion for counsel or alternative inmate legal assistance (ECF No. 20) is **denied**.

DATED:  April 24, 2013

_____
UNITED STATES DISTRICT JUDGE