**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JESSE RAYMOND VOSS,

     Petitioner,                          2:12-cv-00854-KJD-GWF

vs.
                                      **ORDER**

D.W. NEVEN, *et al.*,

     Respondents.

_____/

Introduction

     This habeas corpus action is brought by Jesse Raymond Voss.  Voss' federal habeas corpus petition is before the court with regard to the merits of Voss' remaining claims.  The court will deny the petition, and will deny Voss a certificate of appealability.

Procedural History and Factual Background

     Voss was convicted in Nevada's Second Judicial District Court, after a jury trial, of one count of possession of stolen property and three counts of possession of a forged instrument.  Exhibit 35.[1]  He was adjudicated an habitual criminal, and sentenced to a term of life in prison, with the possibility of parole after ten years.  Exhibit 43.  The judgment of conviction was entered on March 9, 2005.  Exhibit 44.

---

    [1]  The exhibits referenced in this Order are found in the record at ECF Nos. 7, 8,  9, 10, 28 and 30.

1    Voss appealed, and the Nevada Supreme Court affirmed, but remanded for resentencing.

2    Exhibit 67.  Following a petition for rehearing, the Nevada Supreme Court amended its order to

3    clarify the directions for the resentencing.  Exhibit 72.  After the resentencing, and the entry of a

4    corrected judgment of conviction on February 22, 2008, Voss again appealed.  Exhibit 101.  The

5    Nevada Supreme Court affirmed the corrected judgment on June 4, 2009.  Exhibit 112.

6    Petitioner next filed,  in the state district court, a *pro se* petition for post-conviction relief.

7    Exhibits 118, 120.  The petition was supplemented by appointed counsel.  Exhibit 126.  An

8    evidentiary hearing was conducted on September 9, 2010, and the state district court denied relief in

9    a written order entered on October 7, 2010.  Exhibits 139, 142.  Voss appealed, and the Nevada

10   Supreme Court affirmed November 18, 2011.  Exhibit 174.

11   Voss initiated this federal habeas corpus action on May 5, 2012, when he delivered his

12   petition for writ of habeas corpus to prison staff, for mailing to this court (ECF No. 1).

13   The respondents filed a motion to dismiss, contending that Voss' habeas petition included

14   claims not exhausted in state court, and also contending that certain of Voss' claims were not

15   cognizable in this federal habeas action (ECF No. 6).  On March 8, 2013, the court granted that

16   motion in part and denied it in part.  Order entered March 8, 2013 (ECF No. 18).  Of the 29 grounds

17   for relief asserted in Voss' habeas petition, the court dismissed Grounds 8 through 23.  *Id*. at 11.  The

18   court ruled:  Grounds 1 through 4, and Ground 6, unexhausted, in part, as to claims under the Sixth

19   and Eighth Amendments; Ground 5 unexhausted in part, as to claims under the Fifth, Sixth, and

20   Eighth Amendment; Ground 7 unexhausted as to claims under the Eighth Amendment; and Ground

21   29 completely unexhausted with respect to the facts underlying that claim.  *Id*. at 11-12.  The court

22   ordered Voss to either seek a stay of this action to allow further exhaustion of his claims in state

23   court, or abandon his unexhausted claims.  *Id*. at 12.

24   On April 5, 2013, Voss filed a response to the court's March 8, 2013 order, stating his

25   election to abandon his unexhausted claims (ECF No. 19).  Consequently, on April 24, 2013, the

26   court ordered Voss' unexhausted claims dismissed (ECF No. 24).

1    The respondents then filed an answer (ECF No. 27), responding to the remaining claims in

2    Voss' habeas petition, and Voss filed a reply (ECF No. 30).

3    Voss' petition is now before the court with respect to the merits of his remaining claims:

4    Grounds 1 through 4 (but not the Sixth and Eighth Amendment claims), Ground 5 (but not the

5    Fifth, Sixth, and Eighth Amendment claims), Ground 6 (but not the Sixth and Eighth Amendment

6    claims), Ground 7 (but not the Eighth Amendment claims), and Grounds 24 through 28.

7    <u>Standard of Review</u>

8    Because this action was initiated after April 24, 1996, the amendments to 28 U.S.C. § 2254

9    enacted as part of the Antiterrorism and Effective Death Penalty Act (AEDPA) apply.  *See Lindh v.*

10   *Murphy,* 521 U.S. 320, 336 (1997); *Van Tran v. Lindsey,* 212 F.3d 1143, 1148 (9th Cir.2000),

11   overruled on other grounds by *Lockyer v. Andrade*, 538 U.S. 63 (2003).  28 U.S.C. § 2254(d) sets

12   forth the primary standard of review under AEDPA:

13   An application for a writ of habeas corpus on behalf of a person in custody
     pursuant to the judgment of a State court shall not be granted with respect to any
14   claim that was adjudicated on the merits in State court proceedings unless the
     adjudication of the claim --
15
16   (1)  resulted in a decision that was contrary to, or involved an unreasonable
     application of, clearly established Federal law, as determined by the Supreme Court
     of the United States; or
17
18   (2)  resulted in a decision that was based on an unreasonable determination of
     the facts in light of the evidence presented in the State court proceeding.

19   28 U.S.C. § 2254(d).

20   A state court decision is contrary to clearly established Supreme Court precedent, within the

21   meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set

22   forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially

23   indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result

24   different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)

25   (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell v. Cone*, 535 U.S. 685, 694

26   (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer*, 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id*. (quoting *Williams*, 529 U.S. at 409).

The Supreme Court has further instructed that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has stated "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citing *Lockyer*, 538 U.S. at 75); *see also Cullen v. Pinholster*, __ U.S. __, 131 S.Ct. 1388, 1398 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt" (internal quotation marks and citations omitted)).

The state court's "last reasoned decision" is the ruling subject to section 2254(d) review. *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010). If the last reasoned state-court decision adopts or substantially incorporates the reasoning from a previous state-court decision, a federal habeas court may consider both decisions to ascertain the state court's reasoning. *See Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir.2007) (en banc).

Analysis

Grounds 1 and 4

In the remaining portion of Ground 1 of Voss' habeas corpus petition, he claims that his rights under the Fifth and Fourteenth Amendments were violated in that "[t]he trial court committed error in failing to give an 'accomplice testimony' instruction." Petition for Writ of Habeas Corpus

4

(ECF No. 1), p. 3.  And, in the remaining portion of Ground 4 of Voss' petition, he claims that his rights under the Fifth and Fourteenth Amendments were violated in that "[t]he trial court committed error in refusing to give an 'accomplice corroboration' instruction." *Id*. at 18.

These claims are based on the trial court's failure to give the following jury instructions, which were requested by Voss:

> A defendant cannot be found guilty based upon the testimony of an accomplice unless such testimony is corroborated by other evidence which tends to connect such defendant with the commission of the offense.

Exhibit 32.

> The testimony of an accomplice may be viewed with distrust.  This does not mean that you may arbitrarily disregard such testimony, but you should give to it the weight to which you find it to be entitled after examining it with care and caution and in the light of all the evidence in the case.

> The requirements of a corroboration of the testimony of an accomplice is based on the notion that the evidence of an accomplice should be viewed with suspicion because it is often given in the hope or expectation of leniency or immunity.

> Evidence of prior inconsistent statements, not made under oath, of an accomplice must be deemed even more suspect, untrustworthy and unreliable than the testimony of an accomplice.

*Id*.

The Nevada Supreme Court ruled on this claim, as follows, on Voss' direct appeal:

> The district court rejected Voss's request for two jury instructions concerning accomplice testimony.  Voss contends that the failure to give these instructions was reversible error.  We disagree.

> The first requested instruction stated that the jury could not find Voss guilty based on accomplice testimony unless the testimony was corroborated by evidence tending to connect Voss to the commission of the offense.  In this case, Hildenstab testified against Voss after Hildenstab pled guilty to the same charges arising out of the same incident.  In addition, the State suggested throughout Voss's trial (especially during closing arguments) that Hildenstab and Voss were "partners."  Thus, the State treated the two men as accomplices, and the court should have given the instruction.

> However, the failure to give the corroborative evidence instruction in this case was harmless because there was sufficient corroborating evidence presented at trial. As this court has stated, corroborative evidence need not be sufficient in itself to establish guilt; it will suffice if it merely tends to connect the accused to the offense. [Footnote: *Evans v. State*, 113 Nev. 885, 891-92, 944 P.2d 253, 257 (1997).] Corroborating evidence, however, must independently connect the defendant with the

5

1    offense and will not suffice if it merely supports the accomplice's testimony.
     [Footnote: *Id.*]

2

3         Here, the arresting officer testified that Voss claimed responsibility for all of
     the stolen equipment and illegal instruments at the time of his apprehension.  In
     addition, the testimony of State and defense witnesses connected Voss to Hildenstab

4    and the motel room with the illegal property prior to the crimes.  While this evidence
     may not have been enough to convict Voss without Hildenstab's testimony, it

5    sufficiently connects Voss with the offenses charged to render harmless the district
     court's error in failing to read the corroborative evidence instruction.

6
          The second requested instruction stated that the jury should view accomplice
7    testimony with distrust.  Because Hildenstab's testimony was corroborated by
     separate evidence, this instruction was not required.  [Footnote: *Buckley v. State*, 95

8    Nev. 602, 604, 600 P.2d 227, 228 (1979); *See Howard v. State*, 102 Nev. 572,
     576-77, 729 P.2d 1341, 1344 (1986).]

9

10   Corrected Order Affirming in Part, and Remanding in Part, Exhibit 72, pp. 1-3.

11        The Supreme Court has never held that a state trial court commits federal constitutional error

12   if it fails to provide cautionary instructions regarding accomplice testimony.  On the contrary, the

13   Supreme Court has indicated that no such instructions are required by the Constitution.  Specifically,

14   the Supreme Court has held that the uncorroborated testimony of an accomplice is sufficient to

15   sustain a conviction.  *See United States v. Augenblick*, 393 U.S. 348, 352 (1969) ("When we look at

16   the requirements of procedural due process, the use of accomplice testimony is not catalogued with

17   constitutional restrictions."); *see also United States v. Lopez*, 803 F.2d 969, 973 (9th Cir.1986) ("The

18   uncorroborated testimony of an accomplice is enough to sustain a conviction unless the testimony is

19   incredible or unsubstantial on its face.").  Thus, as the Sixth Circuit Court of Appeals has explained,

20   "[i]f uncorroborated accomplice testimony is sufficient to support a conviction under the

21   Constitution, there can be no constitutional right to instruct the jury that it must find corroboration

22   for an accomplice's testimony."  *Takacs v. Engle*, 768 F.2d 122, 127 (6th Cir.1985); *see also United

23   States v. Fritts*, 505 F.2d 168, 169 (9th Cir.1974) (federal trial court's failure to *sua sponte* give

24   cautionary instruction on accomplice testimony did not warrant reversal).  The fact that Nevada law

25   may require accomplice testimony to be corroborated does not mean that Voss had a federal

26

constitutional right to jury instructions regarding accomplice testimony.  *See Laboa v. Calderon*, 224 F.3d 972, 979 (9th Cir.2000).

Regardless, even assuming that the trial court committed federal constitutional error in failing to instruct the jury regarding accomplice testimony -- and this court concludes that it did not -- the error would not warrant habeas corpus relief, because it did not have a substantial and injurious impact on the jury's verdict.  *See Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (The prejudicial impact of a constitutional error is assessed by asking whether the error had "a substantial and injurious effect or influence in determining the jury's verdict.").  In Nevada, under state law, a conviction cannot be based on the testimony of an accomplice, unless the accomplice's testimony "is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense."  NRS 175.291.  There was ample evidence presented at trial to corroborate what Voss characterizes as accomplice testimony.  Most notably, perhaps, there was evidence that when Voss was apprehended outside the hotel room, he stated:  "All of the shit in the room is mine."  Transcript of Jury Trial, January 31, 2005, Exhibit 29, pp. 128-33; Transcript of Jury Trial, February 1, 2005, Exhibit 30, pp. 10-15.  And there was other evidence beyond that, linking Voss to Christopher Hildenstab, to the hotel room, and to the stolen property that was found in it.  *See*, *e.g.*, Transcript of Jury Trial, January 31, 2005, Exhibit 29, pp. 78-79 (surveillance video showed Voss entering the hotel room); *id*. at 106-08 (testimony of Melanie Swearinger that Voss was alone in the hotel room with the stolen property); Transcript of Jury Trial, February 1, 2005, Exhibit 30, pp. 23-30 (testimony of Cheri Delongpre that she introduced Voss and Hildenstab, and that Voss and Hildenstab often shared a hotel room).  Moreover, the question of Hildenstab's credibility was explored on both his direct and cross-examination.  *See* Transcript of Jury Trial, January 31, 2005, Exhibit 29, pp. 70-72, 82-85, 96-99.  In light of the evidence at trial, this court concludes that the trial court's refusal to give accomplice testimony instructions did not have a substantial and injurious effect or influence in determining the jury's verdict.

1    The court, therefore, determines that the state court's denial of the claims asserted by Voss as

2 Grounds 1 and 4 of his habeas petition was not contrary to, or an unreasonable application of, clearly

3 established federal law, as determined by the Supreme Court of the United States, and the state

4 court's ruling was not based on an unreasonable determination of the facts in light of the evidence

5 presented. *See* 28 U.S.C. § 2254(d). Voss does not show habeas relief corpus to be warranted. The

6 court will deny habeas corpus relief with respect to these claims.

7    Ground 2

8    In the remaining portion of Ground 2 of Voss' habeas corpus petition, he claims that his

9 rights under the Fifth and Fourteenth Amendments were violated by the trial court "in permitting the

10 prosecutor to cross-examine the petitioner regarding the details of his prior felony convictions and

11 the amount of time he actually served on them." Petition for Writ of Habeas Corpus, p. 9.

12    The factual basis of this claim, as alleged by Voss, is as follows:

13    Mr. Voss took the stand at trial. Mr. Voss admitted early in direct
examination that he had been convicted of 6 previous felonies. He was shown the

14 judgments of conviction, and admitted that he had been convicted in June of 1996 and
March of 1997 in Washoe County, Nevada, for burglary and for possession of credit

15 cards without consent. He stated that he had been sentenced to 24 years in prison, but
the sentence was somewhat deferred.

16
At the beginning of cross-examination, and over counsel's objection, the

17 prosecutor brought out that in one of the prior cases, the Petitioner was convicted of
burglarizing St. Thomas Aquinas Church. The prosecutor then elicited from

18 Mr. Voss that he had also burglarized Nevada Lighting, Nevada Surplus Lines and
Nevada Insurance Agency, Dr. Welmerink, and Ideal Drugs; and that the victim of the

19 credit card offense was a Mr. Glazer.

20    Later the prosecutor elicited from Mr. Voss that although being sentenced to
24 years, he actually only served about 8 years before being paroled.

21
However, prior to trial Mr. Voss filed a Motion in Limine (Prior Convictions),

22 wherein he sought limitation of impeaching evidence under NRS 50.095 to the date
and existence of the convictions. Unfortunately, the trial court never ruled on the

23 motion, for whatever reason.

24 *Id*. at 9-10.

25    The Nevada Supreme Court ruled on this claim, on Voss' direct appeal, as follows:

26

8

Voss argues that the district court committed reversible error by allowing the State to inquire into the circumstances surrounding Voss's prior felony convictions during cross-examination.  We disagree.

Early in Voss's direct examination, he acknowledged that he had been previously convicted of six felonies -- two counts of burglary and one count of possession of credit cards without consent in June of 1996, as well as three more counts of burglary in March of 1997.  In addition, Voss stated he had been sentenced to 24 years in prison.  Over defense counsel's objection, the State then cross-examined Voss about the victims of these previous felonies.  Voss acknowledged that the victims in the previous burglaries included St. Thomas Aquinas Church and several businesses.  The State also elicited testimony that, although Voss had been sentenced to 24 years, he had actually only served about eight years before being paroled.

As to the State's questions regarding the details of Voss's prior crimes, we find that there was error, but that this error was harmless.  "It is settled that details of prior felony convictions are admissible where the defendant has sought on direct examination to explain them away or to minimize his guilt." [Footnote: *McCall v. State*, 97 Nev. 514, 515, 634 P.2d 1210, 1211 (1981).]  Here, Voss did not attempt to explain away the previous convictions or minimize his guilt; thus, the line of questioning was inappropriate.  However, we conclude that any error in the cross-examination was harmless for two reasons.  First, the district court gave a limiting instruction, which stated that previous felony convictions could only be considered for the purpose of determining the witness's credibility.  Second, the State never urged the jury to infer that Voss had a pattern of behavior that involved burglarizing commercial establishments; in fact, the State never referenced the previous convictions in its closing argument.

As to the State's cross-examination regarding Voss's testimony that he was sentenced to 24 years in prison, the State merely clarified that Voss did not in fact serve the entire sentence and instead only served eight years before being paroled.  This clarification was appropriate as it served to ensure the jury was not misled.

Thus, we conclude that the cross-examination of Voss did not result in reversible error.

Corrected Order Affirming in Part, and Remanding in Part, Exhibit 72, pp. 3-4 (emphasis in original).

Voss cites no federal authority -- and the court is aware of none -- supporting his contention that, by admitting into evidence details concerning his prior felony convictions, the trial court violated his federal constitutional rights.

The Supreme Court has repeatedly stated that "federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, 131 S.Ct. 859, 861 (2011) (quoting *Estelle v. McGuire*,

1   502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).  The Supreme Court

2   has never held that the admission of evidence of prior crimes violates a defendant's federal

3   constitutional right to due process of law.  *See Estelle*, 502 U.S. at 75 and n.5 (declining to rule on

4   constitutionality of propensity evidence); *Alberni v. McDaniel*, 458 F.3d 860, 864-67 (9th Cir.2006).

5   Because habeas relief may not be granted unless the state court decision was contrary to, or an

6   unreasonable application of, clearly established federal law as determined by the Supreme Court, *see*

7   28 U.S.C. § 2254, and there is no Supreme Court precedent holding that admission of propensity

8   evidence violates a defendant's federal constitutional right to due process of law, the state court's

9   ruling on this claim cannot be said to have contradicted or unreasonably applied clearly established

10  federal law.  *See Alberni*, 458 F.3d at 866-67 (under AEDPA, habeas relief cannot be granted on

11  claim Supreme Court has reserved); *see also id*. at 874-75 (McKeown, J., concurring in part and

12  dissenting in part).

13       Moreover, even assuming -- only for purposes of analysis -- that there was a constitutional

14  violation because of the admission of evidence complained of by Voss, this court finds objectively

15  reasonable the state supreme court's ruling that any such error was harmless.  *See* Corrected Order

16  Affirming in Part, and Remanding in Part, Exhibit 72, pp. 3-4; *Brecht*, 507 U.S. at 623.

17       Therefore, this court concludes that the state court's denial of the claim asserted by Voss as

18  Ground 2 of his habeas petition was not contrary to, or an unreasonable application of, clearly

19  established federal law, as determined by the Supreme Court of the United States, and the state

20  court's ruling was not based on an unreasonable determination of the facts in light of the evidence

21  presented.  *See* 28 U.S.C. § 2254(d).  Voss does not show habeas relief to be warranted.  The court

22  will deny habeas corpus relief with respect to this claim.

23       Ground 3

24       In the remaining portion of Ground 3 of Voss' habeas corpus petition, he claims that his

25  rights under the Fifth and Fourteenth Amendments were violated by the trial court "in permitting the

26

1  State to obtain a conviction against the petitioner, on a theory nowhere plead in the indictment or

2  invited by the petitioner's testimony."  Petition for Writ of Habeas Corpus, p. 13.  Voss continues:

3            The indictment charged Petitioner with 5 felonies:  possession of stolen
   property; obtaining and or using the personal identification information of another;

4            and 3 counts of "possession of a forged instrument."  Nothing in the charging
   document accused Petitioner of acting in joint participation with another, aiding or

5            abetting another, or jointly possessing the alleged stolen property and alleged forged
   instruments with another.

6

7  *Id*. at 13.

8            The Nevada Supreme Court ruled on this claim and summarily denied it, as follows, on Voss'

9  direct appeal:

10           We have reviewed Voss's remaining arguments and conclude they lack merit.
   Specifically, we reject Voss's claim that the State was required to plead the theory of

11           joint possession in the indictment.

12 Corrected Order Affirming in Part, and Remanding in Part, Exhibit 72, p. 6.

13           This claim is without merit.  There is no federal authority -- much less any clearly established

14 federal law as determined by the Supreme Court (*see* 28 U.S.C. § 2254) -- requiring the State to

15 plead, in the indictment, its theory of joint possession.

16           The Sixth Amendment guarantees a criminal defendant the right to be informed of the nature

17 and cause of the charges made against him so as to permit adequate preparation of a defense.  *See*

18 *In re Oliver*, 333 U.S. 257, 273 (1948); *Cole v. Arkansas*, 333 U.S. 196, 201 (1948); *Gautt v. Lewis*,

19 489 F.3d 993, 1002 (9th Cir.2007).  That constitutional requirement was satisfied in this case with

20 respect to the possession element of the crimes charged; the indictment charged that Voss possessed

21 stolen property, and it charged, in three counts, that he possessed forged instruments.  *See*

22 Indictment, Exhibit 2.

23           Furthermore, even if there was constitutional error -- and the court concludes that there was

24 not -- it was harmless.  *See Brecht*, 507 U.S. at 623.  Voss makes no showing that it is reasonably

25 likely that he would have obtained a better outcome at trial if the indictment had specifically pled the

26 State's joint possession theory.

11

1    Therefore, the court concludes that the state court's denial of the claim asserted by Voss as

2    Ground 3 of his habeas petition was not contrary to, or an unreasonable application of, clearly

3    established federal law, as determined by the Supreme Court of the United States, and the state

4    court's ruling was not based on an unreasonable determination of the facts in light of the evidence

5    presented. *See* 28 U.S.C. § 2254(d). Voss does not show habeas relief to be warranted. The court

6    will deny habeas corpus relief with respect to this claim.

7    <u>Ground 5</u>

8    In the remaining portion of Ground 5 of Voss' habeas corpus petition, he claims that his

9    rights under the Fourteenth Amendment were violated because "[t]he evidence is insufficient to

10   sustain the petitioner's convictions on Counts III, IV and V of the indictment." Petition for Writ of

11   Habeas Corpus, p. 20. Counts III, IV and V of the indictment are the three counts of possession of a

12   forged document. *See* Indictment, Exhibit 2. Voss asserts that there was insufficient evidence

13   presented at trial to prove that he possessed the forged documents with the requisite intent to utter,

14   offer, dispose of, or put off as true and genuine, those documents. *See* Petition for Writ of Habeas

15   Corpus, pp. 20-22.

16   In federal habeas corpus action, a petitioner may challenge the sufficiency of the evidence

17   underlying a conviction in state court, on the ground that the conviction violates his rights under the

18   Due Process Clause of the Fourteenth Amendment. *Jackson v. Virginia*, 443 U.S. 307, 321 (1979).

19   However, the federal habeas court's inquiry regarding the sufficiency of evidence is limited. The

20   evidence supporting a conviction is not unconstitutionally insufficient unless the conviction was "so

21   totally devoid of evidentiary support as to render [the petitioner's] conviction unconstitutional under

22   the Due Process Clause of the Fourteenth Amendment." *Fish v. Cardwell*, 523 F.2d 976, 978 (9th

23   Cir.1975) (internal quotation marks and citations omitted). The standard of review on a sufficiency

24   of evidence claim is whether "after viewing the evidence in the light most favorable to the

25   prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a

26   reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original); *see also Gonzalez v. Knowles*,

1    515 F.3d 1006, 1011 (9th Cir.2008).  This court, in a federal habeas action, is not to re-weigh the

2    evidence to reach a result different from that of the jury.  *See Walters v. Maass*, 45 F.3d 1355, 1358

3    (9th Cir.1995) ("The reviewing court must respect the province of the jury to determine the

4    credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven

5    facts by assuming that the jury resolved all conflicts in a manner that supports the verdict.").

6    Circumstantial evidence alone is sufficient to support a conviction.  *See Jackson*, 443 U.S. at 324-25;

7    *Schad v. Ryan*, 671 F.3d 708, 717 (9th Cir.2011) ("Circumstantial evidence and reasonable

8    inferences drawn from it may properly form the basis of a conviction.").

9    　　　　On federal habeas review, under AEDPA, the court applies the *Jackson* standards with an

10   "additional layer of deference" to the state court's decision, and may only overturn the conviction if

11   the state court's decision constituted an "objectively unreasonable application" of *Jackson*.  *See Juan*

12   *H. v. Allen*, 408 F.3d 1262, 1274 and n.12 (9th Cir.2005).  In short, in a federal habeas corpus action,

13   "the only question under *Jackson* is whether th[e] [jury] finding was so insupportable as to fall below

14   the threshold of bare rationality."  *Coleman v. Johnson*, ___ U.S. ___, 132 S.Ct. 2060, 2065 (2012).

15   　　　　With respect to this claim, the Nevada Supreme Court held, as follows, on Voss' direct

16   appeal:

17   　　　　　　... We also conclude that sufficient evidence supported Voss's convictions for
     　　　　　　possession of a forged instrument.  [Footnote: As to Voss's sufficiency of the

18   　　　　　　evidence argument, although the forged checks in question were made out to a
     　　　　　　woman, that woman's stolen identification was located in the motel room.  The fact

19   　　　　　　that the checks were altered to match the name on the stolen identification card
     　　　　　　demonstrates more than mere possession.  Instead, it demonstrates intent to cash the

20   　　　　　　checks with the false identification.  When combined with the recovery of equipment
     　　　　　　commonly used to alter identification cards, the evidence supports the jury

21   　　　　　　determination that the checks were altered with the intent to eventually cash them.
     　　　　　　The fact that the checks were made out to a female does not mandate reversal; rather,

22   　　　　　　we conclude that substantial evidence supports the jury verdict.]

23   Corrected Order Affirming in Part, and Remanding in Part, Exhibit 72, pp. 6-7.

24   　　　　The court agrees with the ruling of the Nevada Supreme Court.  Regarding the jury's findings

25   that Voss possessed the forged checks with the requisite intent to "utter, offer, dispose of, or put

26

[them] off as true and genuine" (*see* NRS 205.110), there plainly was sufficient evidence presented

at trial to support the jury's findings.

A Sparks, Nevada,  police sergeant, Sergeant Charles Alt, testified at Voss' trial.  *See*

Testimony of Sergeant Charles Alt, Exhibit 29, pp. 150-70.  Sergeant Alt testified that items

recovered by the police from the hotel room where the forged checks were found, including a

computer, a printer, computer software, high quality photo paper and copy paper, a typewriter and

ribbon, lamination sheets, and ultrafine-point Sharpie pens, could be used to fabricate or alter

identification cards and checks.  *See id*. at 154-60.  Also found in the hotel room were forged

identification cards, copies of social security cards, and parts of a driver's license in the name of

Heidi Bravo-Diaz.  *See id* at 155.  Sergeant Alt testified that it appeared that the Bravo-Diaz driver's

license was in the process of being altered.  *See id*. at 165.  Sergeant Alt testified as follows when

asked about the relevance of finding the Bravo-Diaz driver's license together with Helping Angels,

Inc., checks written to Bravo-Diaz:

> A.  Well, of course, if you have an ID, you can print another picture onto it,
> you can pretty much do whatever you want.  After you get the ID looking pretty good,
> you can take those checks pretty much anywhere and cash them, of course, using
> whoever's picture is on there.  A lot of times, people don't look at the picture and
> they take the ID anyways.
>
> Q.  Did it appear that Heidi Bravo-Diaz's identifying information had been
> transferred onto those checks?
>
> A.  Yes.

*Id*. at 162-63.

Nickolett Reeves, the owner/administrator, of Helping Angels, Inc., testified at Voss' trial.

*Id*. at 134-42.  Reeves testified that, in April 2003, Helping Angels was burglarized, and several

items, including computers, office equipment, and checks, were stolen.  *See id*. at 136.  She testified

that she was called to the Western Village hotel room after Voss was arrested, and she there

identified several items that had been stolen from Helping Angels, including checks.  *See id*. at

14

137-38.  Reeves testified that she did not know Heidi Bravo-Diaz, and that she did not give anyone, including Bravo-Diaz or Voss, authority to have any Helping Angels' checks.  *See id*. at 139-41.

Heidi Anne Docuyanan, formerly Heidi Bravo-Diaz, also testified at Voss' trial.  *Id*. at 142-She testified that in early 2003 her wallet was stolen at a restaurant.  *See id*. at 143-44.  She testified that her driver's license was in her wallet when it was stolen.  *See id*. at 145.  She testified that the partial driver's license found in the hotel room was hers.  *See id*.  She testified that she had nothing to do with Helping Angels, and did not know why Helping Angels' checks would be made out to her.  *See id*. at 145-46.

Based on this evidence, this court concludes that the state court's ruling, that there was sufficient evidence upon which a rational trier of fact could have found that Voss possessed the Helping Angels checks with the intent to utter, offer, dispose of, or put off as true and genuine, those checks, was objectively reasonable.  The state court's denial of the claim asserted by Voss as Ground 5 of his habeas petition was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, and the state court's ruling was not based on an unreasonable determination of the facts in light of the evidence presented.  *See* 28 U.S.C. § 2254(d).  Voss does not show habeas relief to be warranted.  The court will deny habeas corpus relief with respect to this claim.

Ground 6

In the remaining portion of Ground 6 of Voss' habeas corpus petition, he claims that his rights under the Fifth and Fourteenth Amendments were violated because the trial court sentenced him as an habitual criminal under NRS 207.010(1)(b), and he had not been previously "three times convicted" of felonies, within the meaning of that statute.  Petition for Writ of Habeas Corpus, p. 24.

Voss' prior felony convictions may be summarized as follows:

(1)     Case No. CR95-0654, possession of credit cards without consent,
        committed on February 11, 1995;

(2)     Case No. CR95-2017, Count 1, burglary of Dr. David Welmerink,
        committed on May 9, 1995;

15

(3)     Case No. CR95-2017, Count 2, burglary of Dick Rock's Ideal Drug, committed on May 22, 1995;

(4)     Case No. CR96-2456, Count 1, burglary of St. Thomas Aquinas Church, committed on October 7, 1996;

(5)     Case No. CR96-2456, Count 2, burglary of Nevada Lighting Representatives, committed between October 4 and 6, 1996;

(6)     Case No. CR96-2456, Count 3, burglary of Nevada Surplus Lines and Nevada Insurance Agency, committed on October 6, 1996.

*See* Exhibits 176-182.

Voss argues that he could not properly have been found to have three or more separate prior convictions because he was sentenced on certain of his prior convictions on the same day (*see* Petition for Writ of Habeas Corpus, pp. 26-27), because certain of the convictions were included in the same judgment of conviction (*see id.*), and because he served concurrent prison sentences on certain of his prior convictions (*see id.*). Voss' argument does not comport with Nevada law construing NRS 207.010, the habitual criminal statute.

Under Nevada state law, convictions arising from separate acts, transactions, or occurrences, may be treated as separate prior convictions under the habitual criminal statute; convictions arising from the same act, transaction, or occurrence, and prosecuted by means of a single charging document, are treated as a single prior conviction. *See Rezin v. State*, 95 Nev. 461, 462, 596 P.2d 226, 227 (1979); *Halbower v. State*, 96 Nev. 210, 211-12, 606 P.2d 536, 537 (1980).

The Nevada Supreme Court applied *Rezin* in denying Voss' claim on his direct appeal:

... [W]e reject Voss's argument that, because his previous six felonies were resolved in only two sentencing hearings and resulted in only two judgments of conviction, the district court improperly sentenced him to a class A felony under the habitual criminal statute. NRS 207.010(b) defines a habitual criminal as someone who has "previously been three times convicted" of a felony. This court has previously stated that "[t]he purpose behind habitual criminal statutes is to increase sanctions for the recidivist . . . [and] to discourage repeat offenders. The statute allows an enlarged punishment for one who cannot be rehabilitated, and, who as a recidivist, repeatedly violates the law." [Footnote: *Odoms v. State*, 102 Nev. 27, 32-33, 714 P.2d 568, 571-72 (1986) (internal citations omitted).]

In *Rezin v. State*, this court concluded that two or more convictions growing out of the same act, transaction, or occurrence that are prosecuted in the same indictment or information may only count as a single prior conviction for purposes of

the habitual criminal statute.  [Footnote:  95 Nev. 461, 462, 596 P.2d 226, 227 (1979).]  Voss interprets *Rezin* to mean that multiple felonies resolved in a single sentencing hearing and judgment of conviction must be considered only one conviction for purposes of the habitual offender statute.  We disagree.

The relevant inquiry in a habitual criminal determination is not whether the district court held only one sentencing hearing or issued only one judgment of conviction pertaining to multiple felony convictions, but rather whether those felony convictions arise out of the same act, transaction, or occurrence.  Here, Voss entered a guilty plea in case CR95-0654, which charged him with possession of a credit card without consent, in March 1995.  Five months later, in August 1995, Voss pled guilty to two counts of burglary in case CR95-2017.  Following these guilty pleas, the district court held a single sentencing hearing and issued one judgment of conviction.  However, under *Rezin*, it is clear that the possession of a credit card without consent conviction arose out of a different act, transaction, or occurrence than the two burglaries.  In this case, after Voss pleaded guilty to the credit card charge, sentencing was delayed so that he could participate in the High Step Program.  Instead of taking advantage of this opportunity to reform his behavior, Voss committed the two burglaries to which he pled guilty in August 1995.  We conclude that Voss's possession of a credit card without consent conviction was distinct from his burglary convictions five months later.

We further conclude that the above convictions were separate from the three burglaries in case CR96-2456 to which Voss pleaded guilty in December 1996.  Taken together, Voss's burglary convictions in CR96-2456 and CR95-2017, and his possession of a credit card without consent in CR95-0654, amount to at least three separate felony convictions.  Thus, we need not consider whether any of the combined burglary convictions arose out of different acts, transactions, or occurrences.  Rather, based on the above, we conclude that the district court properly found Voss to be a habitual criminal pursuant to NRS 207.010(b).

Corrected Order Affirming in Part, and Remanding in Part, Exhibit 72, pp. 4-6.

To the extent that the Nevada Supreme Court's ruling was based on its construction of the Nevada habitual criminal statute, and its application of Nevada law, including the *Rezin* case, the ruling is authoritative, and beyond the scope of this federal habeas corpus action.  *See Lewis v. Jeffers*, 497 U.S. 764, 780-81 (1990) (federal habeas court must respect state court's application of state law); *Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir.1990) (federal habeas court has no authority to review state court's application of state law).

Voss cites no federal authority, and certainly no "clearly established Federal law, as determined by the Supreme Court of the United States," supporting any contention that the Nevada Supreme Court's construction or application of NRS 207.010 violated his federal constitutional right

1    to due process of law.  *See* 28 U.S.C. § 2254(d).  The court finds this claim to be completely

2    meritless.

3         The state court's denial of the claim asserted by Voss as Ground 6 of his habeas petition was

4    not contrary to, or an unreasonable application of, clearly established federal law, as determined by

5    the Supreme Court of the United States, and the state court's ruling was not based on an

6    unreasonable determination of the facts in light of the evidence presented.  *See id*.  Voss does not

7    show habeas relief to be warranted.  The court will deny habeas corpus relief with respect to this

8    claim.

9         Ground 7

10        In the remaining portion of Ground 7 of Voss' habeas corpus petition, he claims that his

11   rights under the Fifth, Sixth and Fourteenth Amendments were violated because "he was not

12   afforded a jury trial on the finding of being an habitual criminal."  Petition for Writ of Habeas

13   Corpus, p. 29.

14        The Nevada Supreme Court denied this claim, on Voss' direct appeal, as follows:

15             ... [W]e note that Voss's argument that he was entitled to have a jury
               determine his habitual criminal status fails for the reasons stated by this court in
16             *O'Neill v. State*.  [Footnote: 123 Nev. [9], [12-17], 153 P.3d 38 (2007).]

17   Corrected Order Affirming in Part, and Remanding in Part, Exhibit 72, p. 4.

18        In *Tilcock v. Budge*, 538 F.3d 1138, 1143-45 (9th Cir.2008), the Ninth Circuit Court of

19   Appeal held that an adjudication of a defendant as an habitual criminal under Nevada's habitual

20   criminal statute, NRS 207.010, does not require a jury.  The court of appeals concluded:

21             [U]nder the terms of the [Nevada habitual criminal] statute, the fact of Petitioner's
               prior convictions alone exposed Petitioner to the statutory maximum of life
22             imprisonment without the possibility of parole.  The statute does not require or even
               authorize additional judicial factfinding to determine whether a defendant is a
23             habitual criminal.

24   *Tilcock*, 538 F.3d at 1144 (concluding that sentencing by judge under NRS 207.010 does not violate

25   rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).  Voss does not cite any United States

26   Supreme Court precedent contrary to *Tilcock*.  His claim is, therefore, without merit.

The state court's denial of the claim asserted by Voss as Ground 7 of his habeas petition was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, and the state court's ruling was not based on an unreasonable determination of the facts in light of the evidence presented. *See id*. Voss does not show habeas relief to be warranted. The court will deny habeas corpus relief with respect to this claim.

Ground 24

In Ground 24 of Voss' habeas corpus petition, he claims that his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments were violated "because trial counsel was ineffective in failing to object to improper testimony from a state's witness." Petition for Writ of Habeas Corpus, p. 100. Voss contends:

> ... [A]t trial, Officer Charles Alt improperly testified as to hypothetical uses of different items found at the scene. Alt testified that the majority of the property located within the hotel room was used to manufacture, modify, or alter identifications, checks and social security cards. Defense counsel did not object to the testimony on direct, nor did he attempt to discredit the testimony on cross-examination.
>
> The testimony of Officer Alt amounted to an impermissible admission of uncharged other bad acts before the jury. Further, the testimony was speculative, not based upon fact, and was more prejudicial than probative.

*Id*. (citations to trial transcript omitted).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court propounded a two prong test for analysis of claims of ineffective assistance of counsel: the petitioner must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.* at 689. The petitioner's burden is to show

1    "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

2    defendant by the Sixth Amendment." *Id*. at 687.  And, to establish prejudice under *Strickland*, it is

3    not enough for the habeas petitioner "to show that the errors had some conceivable effect on the

4    outcome of the proceeding." *Id* at 693.  Rather, the errors must be "so serious as to deprive the

5    defendant of a fair trial, a trial whose result is reliable." *Id*. at 687.

6         Where a state court has adjudicated a claim of ineffective assistance of counsel under

7    *Strickland*, establishing that the decision was unreasonable under AEDPA is especially difficult.

8    *See Richter*, 562 U.S. at 104-05.  In *Richter*, the Supreme Court instructed:

9        The standards created by *Strickland* and § 2254(d) are both highly deferential,
         [*Strickland*, 466 U.S. at 689]; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct.
10       2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly"
         so, [*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)].  The *Strickland* standard is a
11       general one, so the range of reasonable applications is substantial. 556 U.S., at 123,
         129 S.Ct. at 1420.  Federal habeas courts must guard against the danger of equating
12       unreasonableness under *Strickland* with unreasonableness under
         § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions
13       were reasonable.  The question is whether there is any reasonable argument that
         counsel satisfied *Strickland's* deferential standard.

14

15   *Richter*, 562 U.S. at 105; *see also Cheney*, 614 F.3d at 994-95 (acknowledging double deference

16   required with respect to state court adjudications of *Strickland* claims).

17        Regarding this claim, the state district court ruled as follows, on Voss' petition for post-

18   conviction relief in that court:

19            Ground Four was an assertion that trial counsel should have objected to the
         testimony of Sergeant Alt as he explained the potential criminal uses of various items
20       found in the hotel room when Voss was apprehended.  That evidence was not
         objectionable and so Ground Four was dismissed.  The court also notes that theory of
21       defense at trial was to lay the blame on Hildenstab, not to show that there was an
         innocent explanation for the contents of the room.

22

23   Findings of Fact, Conclusions of Law and Judgment, Exhibit 142, p. 2.  The Nevada Supreme Court

24   affirmed, holding as follows:

25            ... Voss argues that the district court erred when it denied him an evidentiary
         hearing on counsel's failure to object to testimony from a State witness about the
26       possible uses for various items discovered in his motel room.  Because Voss did not
         allege any factual allegations that, if true, would entitle him to relief, an evidentiary

20

1     hearing was not required.  *See Bolden v. State*, 99 Nev. 181, 659 P.2d 886, 887

2     (1983).  The detective's testimony was clearly relevant to show how Voss could have
used the items found in his motel room to alter checks.  Therefore, trial counsel was

3     not deficient for failing to object to this testimony.

4   Order of Affirmance, Exhibit 174, p. 2.

5        The state courts' determination that the testimony of  Sergeant Alt was admissible is a matter

6  of state evidence law, and is beyond the scope of this federal habeas corpus action.  *See Lewis*, 497

7  U.S. at 780-81; *Jackson*, 921 F.2d at 885 (federal habeas court has no authority to review state

8  court's application of state law).  The testimony was plainly relevant to the question of Voss' intent

9  in possessing the items found in the hotel room.  *See* Testimony of Sergeant Charles Alt, Exhibit 29,

10  pp. 150-63; Discussion of Ground 5, *supra*.  Voss' trial counsel performed in an objectively

11  reasonable manner in not objecting to that testimony, and Voss was not prejudiced by his counsel's

12  failure to object.

13        In his reply, Voss attempts to show that his counsel could have, and should have, done more

14  to cross-examine Sergeant Alt.  *See* Reply, pp. 100-01.  However, the subjects on which Voss now

15  suggests his counsel should have better cross-examined Sergeant Alt -- the question whether

16  Bravo-Diaz's purse was lost or stolen, and the matter of a string of burglaries that occurred prior to

17  Voss' arrest -- are, at best, tangential to the subject of this claim, which is Sergeant's Alt's testimony

18  regarding potential criminal uses of the items found in the hotel room.  The cross-examination that

19  Voss suggests would have done nothing to undermine Sergeant Alt's testimony regarding potential

20  criminal uses of the items found in the hotel room.  Moreover, there is no reasonable probability that,

21  had trial counsel cross-examined Sergeant Alt in the manner suggested, the result of the trial would

22  have been different.  *See Strickland*, 466 U.S. at 688, 694.

23        The state courts' denial of the claim asserted by Voss as Ground 24 of his habeas petition

24  was not contrary to, or an unreasonable application of, clearly established federal law, as determined

25  by the Supreme Court of the United States, and the state court's ruling was not based on an

26  unreasonable determination of the facts in light of the evidence presented.  *See* 28 U.S.C. § 2254(d).

1   Voss does not show habeas relief to be warranted.  The court will deny habeas corpus relief with

2   respect to this claim.

3         Ground 25

4         In Ground 25 of Voss' habeas corpus petition, he claims that his rights under the Fifth, Sixth,

5   Eighth and Fourteenth Amendments were violated "because trial counsel was ineffective in failing to

6   object to the State's prosecutorial misconduct."  Petition for Writ of Habeas Corpus, p. 103.  Voss

7   contends that his trial counsel unreasonably failed to object to the following prosecutorial

8   misconduct:  (1) presenting the testimony of Sergeant Alt (described above in the discussion of

9   Ground 24) without a *Petrocelli*[2] hearing; (2) inflaming the passions and prejudices of the jury by

10  arguing that Voss robbed a church; (3) defaming Voss by arguing that he was a six-time felon with

11  no job, living on the streets, with no home or money; and (4) disparaging defense witness Cheri

12  Delongpre.  *Id.* at 103-04.

13        Regarding this claim, the state district court ruled as follows:

14        Ground Six had several assertions of prosecutorial misconduct.  The claims
          could be raised as stand-alone claims, trial court error or ineffective assistance of trial
15        or appellate counsel.  No hearing is warranted as there was no misconduct.  The cross
          examination of the defendant regarding the church as the victim of the prior crime
16        was already addressed on appeal.  *Voss v. State*, *supra*.  The argument that Voss is a
          six-time felon and not worthy of belief is supported by the testimony of Voss and
17        NRS 50.095.  The argument suggesting that Voss made his living as a criminal is
          supported by the testimony at trial and is not misconduct.  The comment quoted at
18        p. 20 of the petition, part Six (4) is sufficiently obscure that the court can discern no
          misconduct.  The presentation of evidence showing the potential criminal uses of
19        material found in the room is not error or misconduct of any known variety.  Thus,
          Ground Six was dismissed.
20

21  Findings of Fact, Conclusions of Law and Judgment, Exhibit 142, p. 2.  The Nevada Supreme Court

22  affirmed, holding as follows:

23        First, Voss argues that trial counsel was ineffective for failing to object to
          several comments made by the State during closing arguments.  These comments
24        were supported by testimony at trial and therefore trial counsel's decision not to
          object did not fall below an objective standard of reasonableness.  *See Strickland v.*
25        *Washington*, 466 U.S. 668, 687-88 (1984) (explaining the standard for deficient

26  _____

          [2] *Petrocelli v. State*, 101 Nev. 46, 692 P.2d 503 (1985).

1   performance); *see also Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103
2   (2006) ("Trial counsel need not lodge futile objections to avoid ineffective assistance
    of counsel claims.).

3   Order of Affirmance, Exhibit 174, p. 1.

4        This court agrees with the ruling of the state courts.  There was no prosecutorial misconduct

5   with respect to the presentation of the testimony of Sergeant Charles Alt.  *See* Discussion of Grounds

6   5 and 24, *supra*.  Regarding the prosecutor's comments about the robbery of the church, about Voss'

7   way of life, and about Cheri Delongpre, those comments were supported by evidence in the record,

8   and none of those statements were such that there was any reasonable probability that had counsel

9   objected, and had the court given the jury instructions to ignore those statements, the outcome of the

10  trial would have been different.  *See Strickland*, 466 U.S. at 688, 694.  The evidence against Voss

11  was strong.  In light of the evidence, the alleged instances of prosecutorial misconduct were of no

12  real moment.

13       The state courts' denial of the claim asserted by Voss as Ground 25 of his habeas petition

14  was not contrary to, or an unreasonable application of, clearly established federal law, as

15  determined by the Supreme Court of the United States, and the state courts' ruling was not based

16  on an unreasonable determination of the facts in light of the evidence presented.  *See* 28 U.S.C.

17  § 2254(d).  Voss does not show habeas relief to be warranted.  The court will deny habeas corpus

18  relief with respect to this claim. respect to this claim.

19       Ground 26

20       In Ground 26 of Voss' habeas corpus petition, he claims that his rights under the Fifth, Sixth,

21  Eighth and Fourteenth Amendments were violated "because the State sought habitual criminal status

22  because Voss elected to exercise his constitutional right to trial, and because his trial and appellate

23  counsel were ineffective in failing to raise this issue."  Petition for Writ of Habeas Corpus, p. 106.

24       The Nevada Supreme Court ruled as follows on this claim:

25       ... Voss argues that trial and appellate counsel were ineffective for failing to
         raise the issue of vindictive prosecution and that the district court erred in denying
26       him an evidentiary hearing.  Voss was not entitled to an evidentiary hearing because
         his petition did not contain specific factual allegations that would have entitled him to

1
2
3
4
5
6
7

> relief. *See Thomas v. State*, 120 Nev. 37, 44, 83 P.3d 818, 823 (2004) (explaining the requirements for obtaining an evidentiary hearing); *see also U.S. v. Montoya*, 45 F.3d 1286, 1299 (9th Cir.1995) ("To establish a prima facie case of prosecutorial vindictiveness, a defendant must show either direct evidence of actual vindictiveness or facts that warrant an appearance of such." (internal quotation marks omitted)). Voss argues that he was vindictively charged as a habitual criminal after the jury's verdict because he exercised his constitutional right to trial.  However, the State is permitted by statute to file a habitual criminal count after the defendant is convicted for the primary offense.  *See* NRS 207.016(2); *see also* NRS 173.095(2) (granting the prosecuting attorney discretion to decide whether to file a notice of habitual criminality under NRS 207.010).  Therefore, trial and appellate counsel's performance was not deficient because there was no appearance of vindictiveness.

8  Order of Affirmance, Exhibit 174, pp. 2-3.

9       A prosecutor violates a defendant's constitutional right to due process of law when he brings

10  additional charges solely to punish the defendant for exercising his rights.  *See Bordenkircher v.*

11  *Hayes*, 434 U.S. 357, 363 (1978).  The habeas petitioner making a claim of such a violation bears the

12  burden to show that "charges of increased severity were filed because the accused exercised a

13  statutory, procedural, or constitutional right in circumstances that give rise to an appearance of

14  vindictiveness."  *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1168 (9th Cir.1982).  The

15  petitioner must show that the prosecutorial conduct would not have occurred "but for" the

16  prosecutor's "hostility or punitive animus towards the defendant because he has exercised his

17  specific legal rights."  *Id*. at 1168-69; *see also United States v. Frega*, 179 F.3d 793, 802 (9th

18  Cir.1999) (no vindictiveness where defendant could not show that but for animus prosecutor would

19  not have filed superseding indictment).  The burden then shifts to the prosecutor to show a

20  nonvindictive reason for bringing the charges.  *Gallegos-Curiel*, 681 F.2d at 1168.

21       In this case, Voss' claim that the filing of the habitual criminal charge was retaliation for his

22  exercise of his right to a jury trial is unsubstantiated.  Voss does not make any allegation, and he

23  does not proffer any evidence, supporting any contention that the filing of the habitual criminal

24  charge was retaliatory.  Furthermore, there is nothing about the mere timing of the filing of the

25  habitual criminal charge suggesting that it was retaliatory; as the Nevada Supreme Court pointed

26

1   out, under Nevada law, the State may file an habitual criminal count after the defendant is convicted

2   for the primary offense but before sentencing.  *See* NRS 207.016(2).

3        The state courts' denial of the claim asserted by Voss as Ground 26 of his habeas petition

4   was not contrary to, or an unreasonable application of, clearly established federal law, as determined

5   by the Supreme Court of the United States, and the state courts' ruling was not based  on an

6   unreasonable determination of the facts in light of the evidence presented.  *See* 28 U.S.C.

7   § 2254(d).  Voss does not show habeas relief to be warranted.  The court will deny habeas corpus

8   relief with respect to this claim.

9        <u>Ground 27</u>

10       In Ground 27 of Voss' habeas corpus petition, he claims that his rights under the Fifth, Sixth,

11   Eighth and Fourteenth Amendments were violated "because he was denied his right to attend the

12   grand jury proceedings."  Petition for Writ of Habeas Corpus, p. 109.

13       This claim is wholly without merit.  Voss cites no federal authority suggesting that a "target"

14   of a grand jury investigation has a federal constitutional right to receive notice of, and attend, grand

15   jury proceedings.  *See, generally, United States v. Williams*, 504 U.S. 36, 45-52 (1992).  Voss cites

16   only Nevada statutory law in this regard.  *See* Petition for Writ of Habeas Corpus, p. 109-10.

17       Moreover, even if there were such a federal constitutional right at stake, Voss makes no

18   allegations, and proffers no evidence, showing how the State violated Voss' rights in that regard.

19   Rather, Voss repeatedly states that his attorney "waived" his right to attend the grand jury

20   proceedings.  *See* Reply, pp. 51-62.[3]

21       As this claim is completely without merit, the court will deny Voss habeas corpus relief with

22   respect to it.

23

24

25   _____

26        [3]  In state court, Voss made the related -- but fundamentally different -- claim that his trial
     counsel was ineffective because he waived Voss' right to attend the grand jury proceedings, and the state
     courts denied that claim.  *See* Order of Affirmance, Exhibit 174, p. 3.

Ground 28

In Ground 28 of Voss' habeas corpus petition, he claims that his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments were violated "due to ineffective assistance of trial counsel for failure to object to uncertified copies of Voss's prior judgements of convictions and the ineffective assistance of appellate counsel for failing to raise the issue on appeal, when the State failed to prove the prior convictions beyond a reasonable doubt and the record does not show that the court took judicial notice of the same." Petition for Writ of Habeas Corpus, p. 112.

Voss raised this claim in his state habeas corpus action, and the district court ruled upon it as follows:

> There are a couple additional claims in the supplement. The first concerns allegedly non-certified documents received in evidence at sentencing. Those were documents in the files of the Second Judicial District Court and so they need not be certified as the court could take judicial notice of its own records. A court need not certify, to itself, the accuracy of its own records. Thus, no hearing is warranted.

Findings of Fact, Conclusions of Law and Judgment, Exhibit 142, p. 4. And then, on appeal, the Nevada Supreme Court affirmed, ruling as follows:

> Voss argues that trial and appellate counsel were ineffective for failing to challenge the admission of uncertified documents supporting his sentencing enhancement as a habitual criminal. However, the defendant admitted during direct examination that he had six felony convictions stemming from three separate judgments of conviction. The district court denied Voss an evidentiary hearing on this issue by finding that it had taken judicial notice of the records. While not certified, a review of the admitted documents reveals that Voss was represented by counsel when he entered his prior guilty pleas and that he was sentenced before the Second Judicial District Court in each case. We conclude that Voss' admission alone was sufficient for the State to prove the prior convictions beyond a reasonable doubt. *See Hollander v. State*, 82 Nev. 345, 350, 418 P.2d 802, 804 (1966) (requiring State to prove prior felony convictions beyond a reasonable doubt). Accordingly, we do not conclude that trial counsel's performance was deficient.

Order of Affirmance, Exhibit 174, pp. 3-4.

The state courts' determination that the evidence of Voss' prior felony convictions was sufficient is a matter of state law, and is beyond the scope of this federal habeas corpus action. *See Lewis*, 497 U.S. at 780-81; *Jackson*, 921 F.2d at 885 (federal habeas court has no authority to review state court's application of state law). In light of that determination, it is plain that Voss' attorneys

26

1    did not perform unreasonably in not raising this issue at sentencing or on appeal, and it is plain that,

2    at any rate, Voss was not prejudiced.  *See Strickland*, 466 U.S. at 688, 694.

3          The state courts' denial of the claim asserted by Voss as Ground 28 of his habeas petition

4    was not contrary to, or an unreasonable application of, clearly established federal law, as determined

5    by the Supreme Court of the United States, and the state courts' ruling was not based

6    on an unreasonable determination of the facts in light of the evidence presented.  *See* 28 U.S.C.

7    § 2254(d).  Voss does not show habeas relief to be warranted.  The court will deny habeas corpus

8    relief with respect to this claim.

9    <u>Certificate of Appealability</u>

10         The standard for issuance of a certificate of appealability calls for a "substantial showing

11   of the denial of a constitutional right."  28 U.S.C. §2253(c).  The Supreme Court interpreted

12   28 U.S.C. §2253(c) as follows:

13         Where a district court has rejected the constitutional claims on the merits, the
           showing required to satisfy § 2253(c) is straightforward:  The petitioner must
14         demonstrate that reasonable jurists would find the district court's assessment of the
           constitutional claims debatable or wrong.
15

16   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79

17   (9th Cir. 2000).  The Supreme Court further illuminated the standard in *Miller-El v. Cockrell*,

18   537 U.S. 322 (2003).  The Court stated in that case:

19         We do not require petitioner to prove, before the issuance of a COA, that some jurists
           would grant the petition for habeas corpus.  Indeed, a claim can be debatable even
20         though every jurist of reason might agree, after the COA has been granted and the
           case has received full consideration, that petitioner will not prevail.  As we stated in
21         *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the
           showing required to satisfy § 2253(c) is straightforward: The petitioner must
22         demonstrate that reasonable jurists would find the district court's assessment of the
           constitutional claims debatable or wrong."
23

24   *Miller-El*, 123 S.Ct. at 1040 (quoting *Slack*, 529 U.S. at 484).

25         The court has considered Voss' claims, with respect to whether they satisfy the standard for

26   issuance of a certificate of appeal, and the court determines that none do.

1    **IT IS THEREFORE ORDERED** that petitioner Jesse Raymond Voss' Petition for Writ of

2  Habeas Corpus (ECF No. 1) is **DENIED**.

3    **IT IS FURTHER ORDERED** that petitioner is denied a certificate of appealability.

4    **IT IS FURTHER ORDERED** that the Clerk of the Court shall **ENTER JUDGMENT**

5  **ACCORDINGLY.**

6

7    Dated this ___27___ day of May, 2015.

8

9    _____

10   UNITED STATES DISTRICT JUDGE

28